JOHN R. MONTGOMERY & another *vs.* GEORGE E. FORBES.

Worcester.  November 21, 1888. — January 2, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Contract of Sale — Purchase in name of apparent Corporation — Individual Liability of Purchaser — Promissory Note — Payment.*

If a buyer of goods for his sole benefit makes the purchase in the name of a corporation, not in good faith organized by him and having no real existence though believed by him to be a valid corporation, and gives in payment therefor a promissory note in the name of such corporation, the seller may treat the note as void, and recover against the buyer personally on the original contract for goods sold and delivered.

CONTRACT, to recover the price of goods sold and delivered.

At the trial in the Superior Court, before *Dewey*, J., the only question was whether the goods were sold to a corporation called the Forbes Woolen Mills, or to the defendant as doing business under that name. The plaintiffs introduced evidence tending to show that subsequently to May, 1885, they received an order for the goods by a letter, written upon paper with the printed heading, " Incorporated 1885. Forbes Woolen Mills. George E. Forbes, Treasurer," and signed, " Forbes Woolen Mills by Geo. E. Forbes, Treasurer "; that they thereupon shipped the goods to the Forbes Woolen Mills and received in payment therefor three promissory notes, together equal to the price of the goods, signed " Forbes Woolen Mills by Geo. E. Forbes, Treasurer "; that when they sold the goods and took the notes, they understood from their correspondence with the defendant, as well as from information gained from a commercial agency, that the Forbes Woolen Mills were a corporation, and made all charges on their books against them as a corporation, and took the notes from the defendant as the notes of a corporation ; and that after

they sold the goods and received the notes they became satisfied there was no such corporation as the Forbes Woolen Mills; and contended that they were entitled to recover the price of the goods from the defendant personally.

The defendant contended that the Forbes Woolen Mills was a corporation, and testified that he purchased the goods as treasurer of the Forbes Woolen Mills, but admitted that they had not been paid for except by the notes, which themselves had not been paid; that in May, 1885, for the purpose of limiting his personal responsibility, and because the tax laws of New Hampshire were more favorable to corporations than the Massachusetts laws, he went to Nashua, New Hampshire, to form a corporation for the manufacture of woollen goods; that he employed an attorney at law of Nashua to incorporate the company in a legal and proper manner, under the laws of that State, and subsequently paid him for his services and disbursements in the premises; that he went to Nashua again, and with the attorney and three other persons, selected and secured by the attorney, signed and executed an agreement of association, which was dated May 6, 1885, and was duly recorded in the office of the Secretary of State of New Hampshire on May 12, 1885, and in the office of the clerk of the city of Nashua on May 13, 1885, and recited that the subscribers associated themselves for the purpose of forming a corporation, to be called the Forbes Woolen Mills, the amount of the capital stock to be twenty thousand dollars, divided into four hundred shares of fifty dollars each; and that the object of the corporation was to manufacture and sell woollen and other goods, and the places of business were Nashua in New Hampshire, and East Brookfield in Massachusetts.

The defendant further testified that, subsequently to the execution of the agreement of association, one or more meetings were held by the signers, at which he was elected president and treasurer of the corporation, and such other officers and directors were elected as were necessary under the laws of New Hampshire; that the attorney had been recommended to him as a reputable and reliable man and attorney, and he left everything in his hands, and supposed he did everything necessary and proper to establish the corporation in a legal manner; that

records of the meetings were kept by the attorney, and that there was a stock-book and certificates of stock were issued ; that all the stock was issued to the defendant, and that no other person was interested in it ; that fifty per cent of the capital stock of the corporation was actually paid in by him in cash and supplies ; that after the organization of the corporation he hired, as treasurer of the corporation, a mill in East Brookfield belonging to his mother, Roxanna Forbes, and himself, and began the manufacture of woollen goods ; that he purchased the necessary supplies, including those named in the plaintiff's account, and placed them under the direction of a superintendent, employed to supervise the manufacture of the goods; that there was no manufacturing done in Nashua, nor any other business except the holding of corporate meetings, and possibly the sale now and then of a bill of goods in the ordinary course of business ; and that the principal place of business of the corporation was in East Brookfield ; that he, as president and treasurer of the corporation, continued to manufacture woollen goods for about four months, and sent the goods to commission houses in New York to be sold; and that at the end of said four months he was unable to continue the business and gave it up, and no further business was done by him or by the corporation.

The following sections of chapter 152 of the General Laws of New Hampshire of 1878, were introduced in evidence :

" Sect. 1. Any five or more persons of lawful age may, by written articles of agreement, associate together, for agricultural, educational, or charitable purposes, or for carrying on any lawful business, except banking and the construction and maintenance of a railroad ; and when such articles have been executed and recorded in the office of the clerk of the town in which the principal business is to be carried on, and in that of the Secretary of State, they shall be a corporation, and such corporation, its officers and stockholders, shall have all the rights and powers, and be subject to all the duties and liabilities of similar corporations, their officers and stockholders, except so far as the same are limited or enlarged by this chapter.

" Sect. 2. The object for which the corporation is established, the place in which its business is to be carried on, and the

amount of capital stock to be paid in, shall be distinctly set forth in its articles of agreement."

Upon this evidence, the defendant asked the judge to rule that the plaintiffs were not entitled to recover, that the account in question had been paid by the notes of the Forbes Woolen Mills as a corporation, and that there was no evidence to authorize the jury to find for the plaintiffs.

The judge declined so to rule, and submitted the following questions to the jury: "1st. Did the Forbes Woolen Mills and the members of said alleged corporation, including said Forbes, at the time of its attempted organization, intend to carry on its business as a manufacturing corporation (other than holding meetings of its members and officers) in whole or in part in the city of Nashua, New Hampshire? 2d. Was there an attempt in good faith on the part of the defendant, Forbes, to organize the corporation of the Forbes Woolen Mills? 3d. Did said Forbes, at and prior to the time the goods in controversy were ordered, namely, at all times after May 12, 1885, during his dealings with the plaintiff, believe that the organization of said Forbes Woolen Mills was a valid corporation?"

The jury answered the first two questions in the negative, and the third in the affirmative.

The judge, being of the opinion that, upon the findings of the jury and the uncontradicted evidence in the case, the plaintiffs were entitled to recover, directed the jury to return a verdict for the plaintiffs, and reported the case for the determination of this court.

*W. B. Harding & H. F. Harris*, for the plaintiffs.

*B. W. Potter & M. M. Taylor*, for the defendant.

C. ALLEN, J. The apparent corporation was not a corporation. The statute of New Hampshire requires five associates, and the articles of agreement must be recorded in the town in which the principal business is to be carried on, and the place in which the business is to be carried on must be distinctly stated in the articles; otherwise there is no corporation. The defendant's pretended associates were associates only in name; he alone was interested in the enterprise. The articles of agreement were recorded in Nashua, and stated that the business was to be carried on there; but it was not in fact carried on

there, and was not intended to be. The defendant took all the shares of the capital stock, and paid in to himself as treasurer only fifty per cent of the amount thereof. This is not a case where there has been a defective organization of a corporation which has a legal existence under a valid charter. Here there was no corporation. It was just the same as if the defendant had done nothing at all in the way of establishing a corporation, but had conducted his business under the name of the Forbes Woolen Mills, calling it a corporation. The business was his personal business, which he transacted under that name. *Fuller* v. *Hooper*, 3 Gray, 334, 341. *Bryant* v. *Eastman*, 7 Cush. 111.

The jury found that he did not in good faith attempt to organize the corporation, but that he believed it to be a valid corporation. His belief, in view of the facts of the case, is immaterial. Under this state of things, the defendant bought goods of the plaintiffs for his own sole benefit, adopting the name of the apparent corporation, which had no real existence, and which represented nobody but himself. He cannot escape responsibility for his purchases by the device of putting such a mere name between himself and the plaintiffs. The purchase was in substance by and for himself alone. The plaintiffs might have repudiated the transaction, and maintained replevin, if they had learned the facts in time. They may also treat the transaction as a sale to the defendant personally. *Fay* v. *Noble*, 7 Cush. 188, 194. *Kelner* v. *Baxter*, L. R. 2 C. P. 174, 183, 185. 2 Kent Com. (13th ed.) 630.

Since the notes represented nothing, the plaintiffs were at liberty to treat them as void, and recover on the original contract for goods sold. *Melledge* v. *Boston Iron Co.* 5 Cush. 158, 171.

*Verdict to stand.*