McGuane, J.
This action was filed in the Hampden County Superior Court Department and remanded to the Springfield District Court Division under M.G.L.c. 231, § 102 [c].
The complaint alleges that the defendant, Chester McGurk, interfered with a probable business relationship wherein there existed a reasonable expectation of financial benefit.
The plaintiffs further claim that the defendant McGurk was employed by the defendants, Coopers & Lybrand, an international partnership, and that his duties as said employee entailed advising Coopers & Lybrand’s clients as a computer system analyst.
It is further alleged that Eastern Specialties, Inc. was a client of Coopers & Lybrand and that McGurk as an employee of Coopers & Lybrand was advising Eastern Specialties pursuant to the purchase of certain computer products.
Plaintiffs allege that Tricorn Group Ltd. was a distributor of Seiko computer products and that plaintiffs Libow and Breaux, doing business as Micro, had a *145 contractual relationship with Tricorn and were agents of Tricorn for the limited purpose of securing sales of Seiko products. It is admitted that Coopers & Lybrand’s liability, if any, is vicarious as principal of McGurk.
Plaintiffs allege McGurk used “insider information” secured as a system analyst with client Eastern Specialties to preempt the plaintiffs from effectuating a sale of Seiko Computer products. Plaintiffs further claim McGurk and Tricorn wilfully conspired to defeat its attempted sale and finaEy plaintiffs claim McGurk and Tricorn’s conduct was of such a nature and character to give rise to a c. 93A claim.
The defendants answered the complaints and Coopers and Lybrand counter-claimed against McGurk in the event of any liability on their part claiming McGurk exceeded his authority and acted outside the scope of his employment.
The matter was tried in the District Court of Springfield before Donelan, J. At the close of the plaintiffs case the defendants submitted Motions to Dismiss pursuant to Dist./Mun. Cts. Rules of Civil Procedure, Rule 41 (b) (2) and the Court allowed the same and entered “Judgment on the merits to enter for each defendant on all counts," counterclaim dismissed.
The trial judge filed complete and detailed findings of fact and conclusions of law in support of the motions allowed.
The plaintiffs claiming to be aggrieved by the allowance of the motions at the close of the plaintiffs’ case had claimed appeal.
There being no prejudicial error the report is dismissed.
Once the Motions to Dismiss under Rule 41 (b) (2) M.R.C.P. were presented by the defendants at the close of the plaintiffs’ case in chief it was the duty and obligation of the trial judge to apply the proper standard in ruling on the motions. This standard differs substantially from the standard to be applied had the case been tried before a jury.
In entering a Rule 41 (b) (2) motion a judge makes a mixed decision of law and fact, therefore, in one of two ways:
First, when considering a motion for dismissal, he may treat plaintiffs evidence just as he would in ajury trial: by taking as proved all uncontroverted evidence, by resolving all evidentiary conflicts in the plaintiffs favor, and likewise drawing all permissible inferences in plaintiffs favor. If, after making these assumptions, he concludes that, as a matter of law, plaintiff is not entitled to relief, he will enter an order of dismissal. Suppose he feels the plaintiff has established a prima facie unconvinced that plaintiffs evidence is credible. That is, suppose the judge feels that a reasonable person might at that point find for the plaintiff, but that he as another reasonable person, would not so find. May he allow the motion? The answer is clearly yes, even though he would not have done so in a jury trial. Evidence which would have precluded a directed verdict does not prevent a Rule 41 (b) (2) dismissal after plaintiffs evidence in a non-jury case.
Second, he may weigh the evidence and the resultant inferences entirely in his capacity as trier of fact, rejecting evidence he does not credit, drawing what inferences he wishes (while rejecting other inferences; however permissible they may be). If, on the basis of these findings and the applicable law, he concludes that plaintiff should not prevail, he will dismiss the action.”
SMITH AND ZOBEL Volume 8, pages 59 and 60.
“We note that in passing upon a motion under the second sentence of Rule 41 (b) (2) a trial judge is not limited to that standard of proof required for a *146 directed verdict (citations omitted); rather, the judge is free to weigh the evidence and resolve all questions of credibility, ambiguity, and contradiction in reaching a decision.” Ryan, Elliot & Co. v. Leggat, McCall & Werner, Inc. 8 Mass. App. Ct. 686; 396 N.E. 2d 1009 (1979).
The factual findings made by the trial judge amply support his ultimate findings and the allqwance of the motions to dismiss.