Silva, J.
This is an action brought under M.G.L.A. Chapter 93A, consumer Protection Law of the Commonwealth of Massachusetts in which the plaintiff seeks to recover Judgment in the amount of $21,000.00
Defendant’s Answer is that plaintiff has failed to comply with the procedural requirements set forth in M.G.L.A. Chapter 93A, specifically 9 (3), that plaintiff has failed to prove that defendant has committed any deceptive act or unfair trade or practice and that plaintiff has failed to state any other claim upon which relief may be granted.
The Court found for the plaintiff in the sum of $1,500.00
At the trial, there was evidence tending to show that:
1. Plaintiff purchased the vehicle in question “as is” for Two Thousand *207 ($2,000.00) Dollars, but only made payments totaling $500.00.
2. Defendant made all repairs as requested by plaintiff.
3. Plaintiff had the economic use and benefits of the vehicle for at least three (3) weeks.
4. Defendant never received a written demand for relief by plaintiff in conformity with and as required by M.G.L.A. Chapter 93A, 9 (3).
The Court, on Motion for Dismissal made by defendant at the close of plaintiffs testimony, denied said Motion.
Presumably, the procedural vehicle which the defendant sought to employ to test the sufficiency of the evidence advanced by the plaintiff was a motion for involuntary dismissal. Rule 41 (b) (2) provides that after the plaintiff, in an action tried without jury, completes its presentation of evidence, the defendant may, without waiving his right to offer evidence in the event that the motion is not granted, move for dismissal on the ground that upon the facts and the law, the plaintiff has shown no right to relief. The court then may either act upon the motion or decline or enter judgment until the close of all the evidence. It is unclear whether the judge denied the motion at the close of the plaintiffs case, or the close of the defendant’s case.
In passing upon such a motion, the trialjudge is not limited to the standard of proof required for a directed verdict; he is free to weigh the evidence and resolve all questions of credibility, ambiguity, and contradiction in reaching a decision. Ryan, Elliott & Co., Inc. v. Leggat, McCall & Werner, Inc., 8 Mass. App. Ct. 686, 689 (1979). Yet even in the light of this standard, the evidence summarized in the meager report would not support a finding for the plaintiff. There was no evidence that a demand letter was sent. In an action under G.L.c. 93A, 9 (3), a demand letter describing the specific unfair practices claimed and listing the damages suffered is a prerequisite to suit and must be alleged and proved. Slaney v. Westwood Auto, Inc., 366 Mass. 688, 704-705 (1975); Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812, 813, (1975).
A demand letter listing the specific deceptive practice claimed is a prerequisite to suit and as a special element must be alleged and proved. Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 287 (1985).
The purpose of the statutory written demand is to encourage settlement. If consumers assert insufficiently express demands, they will lose an opportunity to stimulate productive settlement. Cassano v. Gogos, 20 Mass. App. Ct. 348, 351 (1985).
There being prejudicial error, the finding for the plaintiff is vacated and judgment entered for the defendant.
So ordered.