Dortch, J.
By this action the plaintiff, Western Roofing Company, Inc., seeks to recover the sum of $10,128.00 for labor and materials supplied to defendants George R. Golant and School Rebuilders, Inc. under written contracts. At trial, the parties agreed that judgment would enter against the defendant coporation in the total amount of the claim leaving to the trial justice the determination of the individual defendant’s liability. The court *37 found for defendant George R. Golant. Plaintiff now claims to be aggrieved by this finding and the actions taken by the court on its requests for rulings numbered 1, 4, 5, 6, and 7.
The evidence presented at trial can be summarized as follows:
George R. Golant had been a contractor for thirty years when on March 19, 1984 he requested that his attorney prepare articles of organization for the incorporation of School Rebuilders, Inc. The articles of organization were drawn up but they were not filed with the Office of the Secretary of the Commonwealth. Apparently the documents were misplaced in a file in the attorney’s office.
Mr. Golant proceeded to engage in business as School Rebuilders, Inc. He opened a commercial bank account in the name of the corporation. The signature cards of this account named Golant and his attorney as officers of the corporation. School Rebuilders, Inc. also obtained and used a federal tax deposit coupon book.
On May 25, 1984, the plaintiff submitted two written proposals to School Rebuilders, Inc. to perform roof replacement work on two school buildings which School Rebuilders was reconstructing as condominium units. The proposals were accepted and signed by George R. Golant who wrote the name School Rebuilders, Inc. on the line directly below his signature. The plaintiff performed its work in accordance with its agreements and later demanded payment of the balance due on the contracts, $10,128.00.
It was not until March, 1985 that Mr. Golant learned that School Rebuilders, Inc. was not incorporated. Golant’s attorney then filed the articles of organization on June 12, 1985 and School Rebuilders, Inc. was legally incorporated.
Based upon these facts, the trial justice concluded that plaintiff contracted with School Rebuilders, Inc. and not with George R. Golant. This finding highlights the major issue of contention between the parties before this court.
The plaintiff asserts that defendant Golant is liable on the subject contracts because School Rebuilders, Inc. was not in existence when the parties entered into the contracts. Notwithstanding defendant’s failure to comply with the formal requirements for incorporation in this Commonwealth, the trial justice could find, and we infer that he did find, that a “de facto” corporation was formed. When the evidence shows an attempt to incorporate under a law authorizing the formation of the corporation and use of the power in good faith, the entity may constitute a “de facto” corporation. Bancroft v. Cook, 264 Mass. 343, 349 (1928), citing Tulare Irrigation District v. Shepard, 185 U.S. 1, 13 (1902).
The plaintiff urges this court to reject the “de facto” corporation doctrine because it believes Golant made no good faith attempt to organize the corporation. Relying on Montgomery v. Forbes, 148 Mass. 249 (1889), the plaintiff reasons that Golant’s delay of more than one year in filing the articles of organization is inconsistent with good faith. In Montgomery, supra, the defendant Forbes attempted to organize a corporation in New Hampshire for a business he was conducting in Massachusetts. Forbes represented in his articles of agreement that the business was located in Nashua, New Hampshire. It was this effort to eváde the law and apparent bad faith which led to Forbes’ personal liability under the contract at issue in that case. Here, there is no evidence that defendant Golant intended to deceive. The trial court found that “Golant relied on his attorney to file the articles of organization and in good faith believed he had done so.” This finding is not plainly wrong. Indeed there is *38 ample evidence to support it. Findings of fact by the trial court will not be disturbed by the Appellate Division where they are supported on any reasonable view of the evidence or rational inferences which may be drawn therefrom. Heil v. McCann, 360 Mass. 507, 511 (1971).
We now examine the requests for rulings of law of which plaintiff complains. “1. On all the evidence there should be a finding against the defendant, George R. Golant.
COURT: Denied, see Court’s Findings of Fact.
“4. The defendant, George R. Golant executed the agreements dated May 25, 1984 with the plaintiff in his individual capacity.
COURT: Denied. See Court’s Findings of Fact.
“5. The defendant, George R. Golant is individually liable to the plaintiff under said agreements.
COURT: Denied. See Court’s Findings of Fact.
“6. That George R. Golant’s attorney signed signatory cards at the account of School Rebuilders, Inc,, when in fact School Rebuilders, Inc. was not in existence as a corporation.
COURT: Inapplicable in view of Court’s Findings of Fact. See Court’s Findings of Fact.
“7. That the knowledge of Attorney Stuart Robbins that School Rebuilders, Inc., did not exist is imputed to George R. Golant.
COURT: Denied. See Court’s Findings of Fact.”
Request number 1 was properly denied. When a party seeks a ruling based on all the evidence but has failed to specify the grounds upon which the request is based, the court may deny the request. Dist./Mun. Cts. R. Civ. P. Rule 64(b); Okin v. Sullivan, 307 Mass. 227, 228 (1940); Simpson v. Eastern Massachusetts Railway Co., 292 Mass. 562, 564 (1935). Each of the remaining requests for rulings is a request for findings of fact. Denial of these requests presents no question of law for our review. Stella v. Curtis, 348 Mass. 358, 361 (1965).The trial justice specifically found that Mr. Golant signed the contracts with plaintiff on behalf of School Rebuilders, Inc. and not individually. At the time, Mr. Golant was unaware that School Rebuilders, Inc. was not legally incorporated and there is no evidence in this report that Golant’s attorney was under a different impression. Therefore, since School Rebuilders, Inc. was entitled to be treated as a "de facto” corporation there is no basis for imposing liability upon Mr. Golant.
The plaintiff has failed to convince this court that the trial justice’s findings of fact were unsupported by the evidence or that his rulings of law were incorrect.
The report is ordered dismissed.