Dohoney, J.
This is an action of contract wherein the plaintiff seeks the balance of monies' allegedly due under an agreement for the sale of Pam’s Bridal Shoppe.
From the Findings of the Trial J ustice, we learn that the plaintiff operated a business known as Pam’s Bridal Shoppe. There was also a corporation known as Pam’s Bridal Shoppe, Inc. of which the plaintiff was the sole stockholder. It is unclear what role the corporation or corporate assets played in the transaction. In any event, the plaintiff acting as seller and the defendant acting as buyer entered into a written agreement which essentially provided for a sale of the “business” including the inventory for $29,500.00. The sum of $10,500.00 was to be paid in cash and the balance by note of the buyer. The initial payment was made, and the defendant-buyer took over operation of the business. No note was ever executed. The business failed. There were unpaid creditors of the seller who refused to do business with the buyer. The buyer apparently lacked business expertise.
The plaintiff sued for the balance of the purchase price. The defendant denied any sums were owed and asserted defenses of the Statute of Frauds, misrepresentation, violations of General Laws, Chapter 106, Section 6-101 & (Bulk Transfers) and counterclaimed for the initial payment. The Trial Justice found that “neither party has established their right to damages” and ordered the return of the initial payment to the defendant-buyer and the return of the inventory and other assets to the plaintiff-seller. The plaintiff felt that the allowance of certain rulings was inconsistent with the general finding and claimed a Report.
The transaction was apparently negotiated and executed without the benefit of counsel for either side. Subsequent legal efforts to frame the transaction within rules of law have therefore been difficult. In essence, the plaintiff says she had a written agreement, and the defendant has failed to pay the balance due. As support for this position, the plaintiff-seller cites the allowance of her Request for Ruling that “Appendix A annexed to the plaintiffs complaint is a valid contract.” (Apparently Appendix A was the agreement at issue). The plaintiff-seller takes issue with the ultimate finding of the Trial J ustice that neither party established their right to damages and says that the Trial Justice in effect ordered a rescission of the contract which is an equitable remedy and beyond his power.
The plaintiff-seller appears to be correct that the Trial Justice ordered a rescission of the contract. While a monetary finding for the defendant-buyer was possible on the counterclaim for misrepresentation, this does not appear *17 to be the case in view of the finding that neither party established their right to damages. Certainly the order for the return of the inventory has equitable connotations and implies rescission.
Generally, rescission is an equitable remedy if the transaction has been completed. See Cook v. Kelley, 352 Mass. 628 (1967). However, equitable defenses may be set up in an action at law in the District Court by virtue of General Laws, Chapter 231, Section 31. However, this provision appears limited to matters in “defense”, and thus the defendant-buyer could not receive the return of the initial payment. Thus the defendant-buyer could merely defend against the claim for the balance owed. This case is similar to Paquin v. Arruda, 1983 Mass. App. Div. 276 wherein the Trial Justice ordered a motor vehicle to be returned to the seller. The Appellate Division disagreed, saying
We note in the report that the judge ordered that the car be returned (from buyer to seller) after the money damages had been paid, in effect rescinding the sale. An order of this sort is an attempt to provide equitable relief. See 27 Am. Jur. 2d Equity Sec 105. Since it is impermissible to afford equitable relief, the entire judgment becomes tainted. Accordingly, the matters must be returned to the trial court for the purpose of assessing damages only.
See also PERLIN & CONNORS, HANDBOOK OF CIVIL PROCEDURE IN THE MASSACHUSETTS DISTRICT COURTS, 1985 Annual Supp., Chap. II, Sec 1(a), fn. .04. .
There is also doubt as to whether rescission would be appropriate. The Trial Justice allowed a Request to the effect that there was a “valid contract”. This would appear to negate possible rescission.
In any event, it appears that a rescission of the agreemént was effectuated here and such action is equitable and beyond the power of the District Court.
The case is remanded to the primary court for either a new trial or further findings by the Trial Justice as he deems appropriate.