Ruma, J.
This is an action in tort to recover for damage to a storage silo which was allegedly caused by the defendant’s negligent operation of a crane utilized to lift and move the silo.
The defendant orally moved for a “required or directed finding” at the close of the plaintiffs case. Said motion was denied. The defendant then presented evidence and renewed its “motion for a required finding” at the conclusion of the trial. The motion was again denied. The defendant did not file Dist./Mun. Cts. R. Civ. P., Rule 64(b) requests for rulings of law.
Judgment was entered for the plaintiff in the amount of $8,921.26 plus interest and costs.
The defendant therefter sought a report to this Division claiming to be aggrieved by the trial court’s ultimate finding for the plaintiff and by the court’s denial of the defendant’s motion for a directed finding. The defendant contends on appeal that its- oral motion was predicated on the plaintiffs failure-to introduce expert testimony to establish improper operation of the crane.
1. In the absence of requests for rulings of law, the defendant’s appeal of the trial court’s denial of its oral motion for a directed or required finding presents no question of law reviewable by this Division.
It is elementary that the proper method of raising an issue of law in a district court trial and of preserving such issue for appellate consideration is the filing of a Dist./Mun. Cts. R. Civ. P., Rule 64(b) request for ruling of law. See, e.g., Reid v. Doherty, 273 Mass. 388, 389 (1930); La Valle v. Zimmerman, 1987 Mass. App. Div. 122, 123; Murphy v. Hamed, 1985 Mass. App. Div. 30, 31. The defendant’s oral motion for a directed finding did not serve as the equivalent of such a request. To constitute a request for legal ruling cognizable under Rule 64(b), such request must be submitted in written form at the close of all the evidence. Fiorino v. Worcester Polytechnic Institute, 1981 Mass. App. Div. 47, 49. Such request must also contain a specification of the legal and factual grounds for the request sufficient to delineate the legal issue which the requesting party is addressing to the court. A request predicated on “all the evidence” which omits such requisite specification is properly denied by the trial court.[1] Okin v. *43 Simpson, 307 Mass. 227, 228 (1940); Simpson v. Eastern Mass. Rwy. Co., 292 Mass. 562, 564 (1935); Western Roofing Co. v. Galant, 1987 Mass. App. Div. 36, 38; Jensen v. Essex Bank, 1985 Mass. App. Div. 58, 63. There is no right to a review of the disposition of requests for rulings which lack the necessary specification.
The practical significance of the specification requirement is illustrated in this case. The defendant endeavors on this appeal to challenge the sufficiency of the plaintiffs evidence on the basis that no expert testimony was introduced. The record does not establish, however, that the specific issue of the legal necessity for expert testimony in cases of this kind was ever directly argued to, or ruled upon, by the trial justice in conjunction with the defendant’s general “motion for a directed finding.” An issue of law cannot be raised as of right for the first time on appeal. The McLean Hospital Corp. v. Rumage, 1985 Mass. App. Div. 135, 136-137; Chicoine v. Sonneman, 1982 Mass. App. Div. 256, 257.
2. The denial of a motion for a directed finding also fails on appeal to raise even a general question of the sufficiency of the evidence. The reason is that motions for directed or required findings are at best a procedural anomaly in district court practice. Rule 50[2] of the Mass. R. Civ. P., which permits motions for directed verdicts in jury trial cases, is wholly inapplicable in the district courts. A motion for a directed or required finding must be treated in a non-jury proceeding as a motion for involuntary dismissal pursuant to Dist./Mun. Cts. R. Civ. P., Rule 41 (b) (2).[3] Goldberg v. Auto Driveaway Corp., 1985 Mass. App. Div. 8, 81; Powers v. Caplan, 1985 Mass. App. Div. 14, 15 n.1, citing Brown v. Gerstein, 17 Mass. App. Ct. 558, 559 n.3 (1984), and Fennell v. Wyzik, 12 Mass. App. Ct. 909 (1981).
The distinction between a Mass. R. Civ. P., Rule 50 directed verdict motion and aDist./Mun. Cts. R. Civ. P., Rule 41 (b) (2) involuntary dismissal motion is not simply one of caption or denomination; the essential difference is the evidentiary standard to be employed by the trial court. Madden v. Malmart Mortgage Co., 1984 Mass. App. Div. 239, 241. The test for a motion for a directed verdict is exclusively the legal sufficiency of the evidence viewed in the light most favorable to the plaintiff. Such a motion must be denied if “anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.” Raunela v. Hertz Corp., 361 Mass. 341, 343 (1972). Under Dist./Mun. Cts. R. Civ. P., Rule 41 (b) (2), however, “atrialjudge is not limited to that standard of proof required for a directed verdict [citations omitted]; rather, the judge is free to weigh the evidence and resolve all questions of credibility, ambiguity and contradiction in reaching a decision.” Ryan, Elliot & Co. v. Leggat, McCall & Werner, Inc., 8 Mass. App. Ct. 686, 689-690 (1979) and cases cited. See also, Jacobs v. Eck, 1985 Mass. App. Div. 206, 207; Libow v. McGurk, 1985 Mass. App. Div. 144, 145; Paquin v. Arruda, 1983 Mass. App. Div. 276, 278. The denial of aDist./Mun. Cts. R. Civ. P., Rule 41 (b) (2) motion per se does not signify any distinct judicial ruling on the legal sufficiency of the *44 evidence. The appeal of the Dist./Mun. Cts. R. Civ. P., Rule 41 (b) (2) denial in this case, therefore, no more raises a pure legal question of the sufficiency of the evidence than does an appeal from a general finding.
Where, as in the instant case, no subsidary findings of fact are issued by the trial justice and no requests for rulings of law are filed by the defendant, a general finding for the plaintiff cannot alone serve as the basis for an appeal. Spencer v. Robert Lawrence, Inc., 347 Mass. 765 (1964); Barton v. Cambridge, 318 Mass. 420, 424 (1945). A general finding ordinarily incorporates undifferentiated factual determinations and legal rulings by the trial court. Appellate, jurisdiction is characteristically and necessarily restricted to a consideration of issues of law, not questions of fact. Heil v. McCann, 360 Mass. 507, 511 (1971); Perry v. Hanover, 507, 511 (1971).
As the defendant has failed to preserve a question of law for appellate review, the report is hereby dismissed.

 Kule 64(b) provides, in relevant part: “Requests for rulings shall be in writing and be presented to the court before the beginning of any closing arguments.... No review as of right shall lie to the refusal of a request for ruling ‘upon all the evidence’ in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified.”

 Rule 50 (a) of the Mass. R. Civ. P. states: “A party may move for a directed verdict at the close of the evidence offered by an opponent, and may offer evidence- in the event that the motion is not granted.... A motion for a directed verdict shall state the specific grounds therefor...

 Rule 41 (b) (2) of the Dist./Mun. Cts. R. Civ. P. provides: “After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant... may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of the evidence. If the court renders judgment on the merits against the plaintiff the court shall make findings as provided in Rule 52(a).”