Martin, J.
The plaintiff, Lewis, brought this action against the defendant, Bayliner Marine, Inc., to recover the “value of the contract” arising out of the purchase of a powerboat. The Trial Justice found the vessel to be unseaworthy due to ahull defect of a substantial nature.
The Report discloses that at trial there was evidence tending to show that the plaintiff purchased the vessel from North Star Marine, Inc. and that the vessel was built by Bayliner Marine Corporation. Further evidence was presented to show that the plaintiff undertook to remedy imperfections with the vessel within weeks of the purchase.
The Trial Justice found the plaintiff was entitled to rescission and to the return of the purchase price of $27,000.00. (The plaintiff was required to tender return of the boat to Bayliner.)
The defendant, Bayliner, is aggrieved by the decision of the Trial Justice. Bayliner claims the Trial Justice erred in his ruling of rescission. The defendant claims rescission is an equitable remedy not within the jurisdiction of the District Court.
Generally, the District Court lacks equity jurisdiction. The Appellate Division has rejected District Court rulings where rescission has been awarded. Hill v. Drozdiuk, 1988 Mass. App. Div. 177; Morris v. Ramos, 1988 Mass. App. Div. 16; Paquin v. Arruda, 1983 Mass. App. Div. 276.[2]
Whereas rescission returns the plaintiff to the status quo, we find the Trial Justice has effectuated an equitable remedy.[3]
Accordingly, this case is remanded for recomputation of damages.

 See also G.L.c. 218, §19 and PERLIN & CONNORS, HANDBOOK OF CIVIL PROCEDURE, SECOND EDITION, 1990, c. 1, §1.8.

 See, NOLAN, MASS. PRACTICE, VOL. 31, c. 23, §403 (1975).