Dolan, P.J.
The plaintiff was awarded monetary damages for construction services rendered on the grounds of quantum meruit. The defendant filed a motion to vacate the judgment for the reason that the court lacked jurisdiction to award quantum meruit damages. There is no error.
The plaintiff, William S. Costa, owner of the Provincetown business known as Cape Tip Builders, sued the defendant corporation, Cape Tip Investments, Inc., for monetary damages on the following grounds: 1) Breach of Contract; 2) Account Annexed; 3) Money Had and Received; 4) Labor and Materials Delivered; 5) Quantum Meruit; 6) Fraud and Deceit; and 7) G.L.c. 93A The defendant filed a counterclaim against the plaintiff alleging violation of G.L.c. 93A On February 20,1991, the court found for the plaintiff on the quantum meruit count and for the defendant on the other six counts. The court also found for the plaintiff on the defendant’s counterclaim. Neither party appealed. On May 17, 1991, the defendant filed a Motion for Relief from Judgment, pursuant to Dist./Mun. Cts. P. Civ. P., Rule 60(b), arguing that the court lacked jurisdiction to award quantum meruit relief. Thecourtdenied that motion, and this appeal followed.
The defendant’s argument is three-fold: 1) quantum meruit decisions are necessarily equitable remedies; 2) District Court lacks the jurisdiction to order equitable remedies; and 3) in finding for the plaintiff on the grounds of quantum meruit, the court exceeded its jurisdiction, rendering the decision invalid.
In addressing the role of “equity” in this case, one needs to examine the roots of the distinction between “equity” and “law.” The modem notion of equitable remedies in Massachusetts law stems from the British distinction between courts of common law and courts of chancery. Courts of chancery were established in order to provide equitable relief to those parties for whom no “plain, adequate and complete remedy at law” existed; J.R NOLAN, EQUITABLE REMEDIES, §§34, 35 (1975). The doctrine of quantum memit was originally derived from these principles of equity and fairness.
The defendant offers three cases to support the claim that the District Court cannot make rulings based on quantum memit: Morris v. Ramos, 1988 Mass. App. Div. 16; Hill v. Drozdiuk, 1988 Mass. App. Div. 177; and Paquin v. Arruda, 1988 Mass. App. Div. 276. In each of these cases, District Court judgments based on the principle of equity were overturned. In Morris v. Ramos, the court ordered the return to the purchaser of an initial payment used to purchase a business, in exchange for the return to the original owner of all inventory and other assets held by the purchaser. The appellate division mled that the rescission was equitable, and therefore beyond the jurisdiction of the District Court. In Hill v. Drozdiuk, the court ordered the seller of an automobile to refund to the purchaser the purchase price, plus triple damages, in exchange for the return of the automobile to the seller. In this case, the appellate division found that *153 ‘The remedy is grounded in the general principles of equity jurisprudence.” In Paquin v. Arruda, the court ordered the seller of an automobile to refund to the purchaser double the purchase price, plus interest and legal fees, in exchange for the return of the automobile to the seller. The court ruling was overturned on appeal because “Since it is impermissible to afford equitable relief, the entire judgment becomes tainted.” The defendant now argues that these three cases demonstrate the District Court’s lack of jurisdiction on matters of quantum meruit.
These three cases are not applicable in this instance in light of J.A. Sullivan Corporation v. Commonwealth, 397 Mass. 789 (1986). That ruling states: “Quantum meruit is a theory of recovery, not a cause of action.” In each of the three cases used to support the defendant, it was not the theory, but rather the actual relief granted, which was deemed equitable, and therefore inappropriate for the District Court.
In this case, the plaintiff is seeking purely monetary damages. The District Court possesses the jurisdiction to hear “all civil actions in which money damages are sought,” G.L.c. 218, §19. Consequently, a “complete” solution under the law does exist for the District Court.
While the theory of quantum meruit stems from the principles of equity and fairness, the solution in this case (monetary damages) is inconsistent with the original notion and intent of “equitable remedies,” i.e. to address those cases for which no “plain, adequate and complete remedy at law” existed. This case falls squarely within the scope of common-law traditions. Accordingly, there is no error in the court’s denial of the defendant’s motion to vacate the judgment.
Report dismissed.