HOWARD E. TURNER *vs.* LEONARD, INC.  November 7, 1983. *Consumer Protection Act,* Breach of warranty, Damages, Findings by judge. *Evidence,* Value, Opinion.

The defendant has appealed from a judgment entered in the Superior Court which found it liable for violations of G. L. c. 93A, § 2(*a*), in connection with its sale of a used foreign automobile to the plaintiff, and which awarded double damages and attorney's fees under c. 93A, § 9(3).

1. The judge concluded that the defendant violated express and implied warranties by not properly completing promised repairs on the vehicle and by not towing the vehicle back to its garage for further repairs after it had become disabled. The judge also found that the defendant had failed to live up to its promise to obtain a Rhode Island inspection sticker for the vehicle upon delivery. In connection with these conclusions, the evidence would warrant findings (a) that the repairs promised in the motor vehicle purchase contract went beyond a simple agreement to repair and amounted to an express warranty under the broad definition of that term contained in G. L. c. 106, § 2-313(1)(*a*); (b) that the sale gave rise to an implied warranty of merchantability under G. L. c. 106, § 2-314(2)(*a*), which in the case of a second hand automobile required the vehicle to "be in a safe condition and substantially free of defects," *Overland Bond & Inv. Corp* v. *Howard,* 9 Ill. App. 3d 348, 354 (1972); see also *Testo* v. *Russ Dunmire Oldsmobile, Inc.,* 16 Wash. App. 39, 44 (1976); (c) that both of these warranties (and the promise to put the vehicle in a condition where it could receive an inspection sticker) had been violated by the defendant's failure to make repairs within a reasonable period of time, see, e.g., *Judd Constr. Co.* v. *Bob Post, Inc.,* 516 P.2d 449, 451 (Colo. App. 1973); *Ford Motor Co.* v. *Gunn,* 123 Ga. App. 550, 551-552 (1971); *Schroeder* v. *Fageol Motors, Inc.,* 12 Wash. App. 161, 165-166 (1974), rev'd in part on other grounds, 86 Wash. 2d 256 (1975); *Kure* v. *Chevrolet Motor Div.,* 581 P.2d 603, 608 (Wyo. 1978); see generally Cohan and Bailey, Defective Motor Vehicles — Warranty Rights and Practical Remedies for Consumer Purchasers, 65 Mass. L. Rev. 33, 35-36 (1980); compare *Hannon* v. *Original Gunite Aquatech Pools, Inc.,* 385 Mass. 813, 823-824 (1982); and (d) that these warranty violations transgressed c. 93A, § 2(*a*), because a consumer regulation of the Attorney General requiring fulfillment of warranty obligations had

been violated. See 940 Code Mass. Regs. § 3.08(2) (1978). See *Hannon* v. *Original Gunite Aquatech Pools, Inc., supra.*

2. The validity of any conclusions along the line just set out is made suspect, however, by the judge's erroneous finding that "the defendant's failure to tow in the vehicle to its garage" after a mishap with the gearshift post constituted "a breach of said warranties." There is no evidence to support this finding. The contract documents contain no express promise which would impose a towing obligation on the defendant. We have not been directed to any case which imposes such an obligation by implication on the seller of a used automobile who provides a warranty for future repairs. Nor have we been referred to any decision of the Federal Trade Commission which has any relevance to the issue. The closest analogous case in this area strongly suggests that a promise to tow will not be inferred. See *Mongeau* v. *Borlen,* 11 Mass. App. Ct. 1031, 1033 (1981). There was no evidence that towing in the circumstances here present is a customary practice of used car dealers, or that the defendant had a policy of providing towing which was known to the plaintiff. Moreover, the conspicuous absence of any provision for towing in the detailed consumer protection plan furnished the plaintiff suggests that towing was not an implied term of the parties' agreement. Cf. *Finnerty* v. *Reed,* 2 Mass. App. Ct. 846, 847 (1974). The decision also fails to address another material question: whether the damage that ultimately disabled the vehicle (a broken gearshift post) was a covered repair under the consumer protection plan. The decision thus contains an erroneous finding, and other oblique findings on material issues, which may have improperly influenced the judge's conclusion that the defendant had violated c. 93A. These deficiencies leave a decision which fails to articulate, as it should under Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974), the judge's thought-process underlying the imposition of liability. See *Lynn* v. *Nashawaty,* 12 Mass. App. Ct. 310, 315 (1981).

3. There are also substantial problems with the judge's assessment of damages. First, we do not know the extent to which the erroneous finding on towing may have influenced the judge's decision to award double damages under c. 93A, § 9(3). Second, the principal evidence of damages flowing from the alleged violations of c. 93A came from the plaintiff's testimony as to the value of the vehicle in January, 1978. This testimony was the subject of a seasonable and specific objection by the defendant for lack of a proper foundation as described in cases such as *Menici* v. *Orton Crane and Shovel Co.,* 285 Mass. 499, 503-505 (1934); *Rubin* v. *Arlington,* 327 Mass. 382, 384 (1951); *Willey* v. *Cafrella,* 336 Mass. 623, 624-625 (1958). That foundation was never clearly supplied. Instead, the judge, in the course of his ruling on the defendant's objection, used language which suggested a belief that an owner is entitled to testify to the value of his property as matter of law, the only problem being that of determining how much weight should be given to the testimony. This

standard, if applied by the judge, was incorrect. See Liacos, Massachusetts Evidence 118-119 (5th ed. 1981). There is therefore a real question whether the judge would have admitted the plaintiff's opinion of value in view of the standard governing such testimony.

In sum, we have a decision containing findings and rulings which cannot be said to be free of material error and which do not disclose with sufficient clarity a discernible, legally sound basis for resolving the case. In these circumstances, the only proper course is to order that the case be retried. This resolution of the matter renders it unnecessary to discuss the other grounds of error argued by the defendant, including the ground concerning the unreasonable delay by the judge in reaching a decision on the case. The judgment is reversed, and the case is remanded to the Superior Court for a new trial.

*So ordered.*

*Bruce Edward Hodge,* of Rhode Island, for the defendant.
*Andrew B. Peppard* for the plaintiff.