Coven, J.
This is an action for breach of contract to recover payment for psychiatric services. The trial judge refused to allow testimony concerning forensic psychiatric services provided by the plaintiff in connection with the defendant’s divorce proceedings in the Probate and Family Court Department, and entered judgment for the defendant at the close of the plaintiff’s case. Pursuant to Dist./ Mun. Cts. R. A D. A, Rule 8C, the plaintiff now appeals the trial judge’s eviden-tiary rulings, refusal to permit the plaintiff to amend his complaint, and entry of judgment for the defendant
The plaintiff provided services to the defendant from December, 1985 through April, 1988. These services included individual psychotherapy, family or couple therapy, consultation with the defendant’s attorney, and court preparation and testimony. In December, 1988, the plaintiff notified the defendant that there was an outstanding balance due of $11,911.02. All of the medical bills and demands presented by the plaintiff prior to trial covered the totality of services rendered by the plaintiff, including the trial preparation and court testimony.
In November, 1993, the plaintiff commenced this suit by filing a complaint which stated that the defendant owed the plaintiff $20,129.20 “for medical services rendered.” The defendant answered that all amounts due and owing to the plaintiff had been paid in full.
Throughout the trial of this matter, the plaintiff repeatedly sought to offer testimony concerning the forensic services he had provided in connection with the defendant’s divorce action, including his consultation with defendant’s counsel and his appearance and testimony at the divorce trial. The trial judge herein consistently sustained the defendant’s objections to the proffered testimony on the grounds that such testimony was irrelevant because the plaintiff’s complaint sought payment for “medical services” only. The plaintiff endeavored unsuccessfully to explain his rationale for the admissibility of the forensic psychiatric services testimony and made several offers of proof. The plaintiff was, however, allowed to enter into evidence the medical bills which did include the forensic services.
At the close of the plaintiff’s evidence, the trial judge allowed the defendant’s Mass. R. Civ. R, Rule 41(b)(2) motion for involuntary dismissal, stating that the plaintiff had not met its burden of proof. No other findings of fact, either written or stated on the record, were made by the trial judge.
1. As the plaintiffs complaint may be deemed to have adequately set forth a claim for payment for the forensic psychiatric services he provided to the defendant, the trial court’s evidentiary rulings excluding testimony as to such services *65 was error.[1]
Under the liberal rules of pleading construction in this Commonwealth, a complaint must provide fair notice of the claims presented and need not contain a precise formulation of the specific issues for trial. Republic Floors of New England, Inc. v. Weston Racquet Club, Inc., 25 Mass. App. Ct. 479, 487 (1988). All that is required is a short and plain statement of the claim. Mass. R. Civ. R, Rule 8 (a). Pleadings are to be construed by the trial court so as to do “substantial justice.” Mass. R. Civ. P., Rule 8(f); Wood v. Roy Lapidus, Inc., 10 Mass. App. Ct. 761, 765 (1980).
The plaintiffs complaint, the medical bills he had provided to the defendant, and his final demand for payment were consistent in requesting payment not only for the individual and couple or family clinical services rendered to the defendant, but also for the time spent in consulting with defendant’s counsel and in preparing for and testifying at trial. The complaint was certainly sufficient to put the defendant on notice that the plaintiff was seeking payment for both his clinical psychiatric services and his forensic psychiatric services. Given our liberal pleading policies, the complaint fairly apprised the defendant of the substantive cause of action against him and the damages sought, and it was error to preclude testimony as to the services in question. Charbonnier v. Amico, 367 Mass. 146, 152-153 (1985); Howard v. G.H. Dunn Ins. Agency, Inc., 4 Mass. App. Ct. 868, 869 (1976). But compare, as to “medical services” in a G.L.c. 90, §34M context, Phelps v. MacIntyre, 397 Mass. 459, 464 (1986).
2. Given the adequacy of the plaintiffs complaint, a motion to amend the same was unnecessary. However, the trial court’s continued exclusion of relevant testimony based on its improperly narrow construction of the complaint compelled the plaintiff to file a motion to amend in an attempt to protect his claim for the forensic services he had rendered. The plaintiff’s motion should have been allowed. While a Mass. R. Civ. P., Rule 15 motion to amend is addressed to the judge’s discretion, the general rule is that amendments should be freely permitted unless there is a good reason for denying the motion. Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 264 (1991); Castellucci v. United States Fidelity & Guar. Co., 372 Mass. 288, 289 (1987). “An outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the... rules.” Id.
The factors relevant to a Rule 15 determination include: the objections made by the opposing party; possible prejudice to the opposing party; the public interest, if any, in granting the motion; whether the amendment would alter the proof; whether there has been undue delay; the existence of bad faith on the party of the movant; and whether a “markedly” different theory of liability would be introduced. Goulet v. Whitin Machine Works, Inc., 399 Mass. 547, 549-552 (1987); Hall v. Horizon House Microwave, Inc., 24 Mass. App. Ct. 84, 87-88 (1987). Prejudice to the opposing party is, however, the real “touchstone” for the denial of any amendment request. Hamed v. Fadili, 27 Mass. App. Ct. 234, 239 (1989). In the instant case, as noted, the complaint should have given the defendant reasonable notice as to the plaintiff’s claim for his forensic psychiatric services. Medical bills including these services were in fact admitted into evidence. There was, in short, scant basis for a determination that the defendant would have been unfairly prejudiced by an *66 amendment of the complaint before the defendant even presented his case.
3. Finally, it was error for the trial judge to have allowed the defendant's motion for involuntary dismissal at the close of the plaintiffs case without making the Rule 52(a) findings prescribed by Rule 41(b) (2). DeVito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48, 50-51. The judge made no written findings of fact, and his oral statement on the record that the plaintiff failed to sustain his burden of proof was insufficient as a matter of law to have satisfied the requirements of Rule 41(b) (2).
Accordingly, the trial court’s judgment is vacated. This case is returned to the Salem Division for a new trial.
So ordered.

 By continuing to offer this testimony, to attempt to explain his rationale for its relevance and to make the requisite offers of proof, the plaintiff properly preserved the issue of the judge’s evidentiary rulings for appeal. Mass. R. Civ. R, Rule 46. Further, the plaintiff adequately complied with Dist./Mun. Cts. RAD. A., Rule 3 (c) by indicating in his notice of appeal that the issues of law to be reviewed included the denial of the plaintiff’s testimony as to the forensic psychiatric ser- ' vices.