Wright, J.
This is an action in negligence to recover for personal injuries allegedly sustained by the plaintiff in a fall on the exterior front stairs of a building owned and controlled by the defendant. The trial judge allowed the defendant’s motion for involuntary dismissal at the close of the plaintiffs evidence, and the plaintiff has appealed that ruling pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
At the time of her accident, the plaintiff had been living for about eight months with her nephew in an apartment he rented from the defendant at 90 Norfolk Street, Cambridge, Mass. The plaintiff had observed over a period of months that the rubber matting on one of the exterior front stairs of the building had a hole in it with a corner “sticking up.” She testified that because she was not a tenant, she felt that it was inappropriate for her to report it to the defendant-landlord. There was no evidence that anyone else had reported the alleged tear in the mat.
On October 31,1996, the plaintiff fell on the front steps as she was leaving the building. She claims that her foot got caught on the ripped piece of rubber when she was almost at the bottom of the stairs. The plaintiff testified, however, and the trial judge specifically found:
*195 She was not watching for the ripped rubber mat and did not see it as she descended. She does not know which step the torn rubber mat was on. She thinks the torn mat caused her fall because she tripped on something although she did not look at the step just before her accident and does not remember anything immediately after the accident.
The plaintiff in fact testified that she checked the rubber mat some time after her accident and concluded at that point that the mat was the cause of her fall.
As the case was tried jury-waived, the trial judge properly treated the defendant’s motion for a “directed verdict” as one for involuntary dismissal pursuant to Mass. R. Civ. P., Rule 41(b) (2). Brown v. Gerstein, 17 Mass. App. Ct. 558, 559 n.3 (1984); Devito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48, 49-50; Sellars v. Shaughnessy Crane Serv., Inc., 1988 Mass. App. Div. 42, 43. In his written findings and order allowing the motion, the judge specifically stated that he was deciding the motion in his capacity as trier of fact, and was “not persuaded that the torn rubber mat was dangerous or caused the plaintiffs fall.”
1. The plaintiffs principal argument on this appeal is that the allowance of the defendant’s motion was error because the evidence was sufficient as a matter of law to warrant or permit a finding in her favor. The legal sufficiency of the evidence is not, however, the dispositive issue. It is settled that in deciding a Rule 41(b)(2) motion for involuntary dismissal in an action tried without a jury, the judge
is not limited to that standard of proof required for a directed verdict... rather, the judge is ‘free to weigh the evidence and resolve all questions of credibility, ambiguity and contradiction in reaching a decision.’
Ryan, Elliott & Co. v. Leggat, McCall & Werner, Inc., 8 Mass. App. Ct. 686, 689 (1979). See also Palomo v. Autobarn, Ltd., 23 Mass. App. Ct. 919 (1986); Devito v. Cellular Mobile Communications, Inc., supra at 50.[2] Where the judge elects to consider an involuntary dismissal motion in his capacity as trier of fact, as in the instant case, an allowance of the defendant’s motion may be properly based on a disbelief of the plaintiffs evidence, see, e.g., Harvard Univ. v. Goldstein, 1999 Mass. App. Div. 67, 68-69; Oyegbola v. DeSimone, 1996 Mass. App. Div. 67, 70, clarified in written findings of fact as required by Rule 41(b) (2). Sugarman v. Malkemus, 1997 Mass. App. Div. 64, 66; Raviv v. K-Mart Corp., 1993 Mass. App. Div. 225. The allowance of the motion will be sustained on appeal unless the judge’s findings are “clearly erroneous” or tainted by error of law. DeCicco v. D & R Contracting, Inc., 1997 Mass. App. Div. 203.
2. Given the plaintiffs testimony, the judge’s findings are easily sustained. The plaintiff bore the evidentiary burden of not only production, but also persuasion, on the factual issues of the defendant’s alleged negligence, her injuries and a causal connection between the two. Bui v. Vazquez, 1999 Mass. App. Div. 5, and cases cited. Yet with respect to her injuries, for example, the plaintiff testified that she hurt her right foot and leg in the fall, while medical records indicated that she was treated for complaints about injuries to her left leg and foot. On the question of causation, the plaintiff was unable to recall the number of steps on the front stairway, which step had the alleged defect, or what step she was on when she tripped and fell. Her *196 descriptions of the claimed defect were not entirely consistent, and she did not remember if the corner of the mat was ripped or if there was a hole in the middle of the mat. She conceded on cross-examination that she did not know how she fell and, as noted, concluded only upon returning to the scene after her fall that the rubber mat had caused her mishap. A trial judge, in his role as finder of fact, is not required to believe a party’s testimony under ordinary circumstances. See generally Palmer v. Murphy, 42 Mass. App. Ct. 334, 343 (1997); Goldberg v. F.W. Woolworth Co., 1992 Mass. App. Div. 230, 233. The judge’s finding that the plaintiffs evidence in this case was unpersuasive cannot be deemed clearly erroneous.
Accordingly, the allowance of the defendant’s motion for involuntary dismissal is affirmed. The plaintiff’s appeal is dismissed.
So ordered.

 This second, alternative approach to an involuntary dismissal motion permits the trial judge “to weigh the evidence and the resultant inferences entirely in his capacity as trier of fact, rejecting evidence he does not credit, drawing what inferences he wishes (while rejecting other inferences, however permissible they may be). If, on the basis of these findings and the applicable law, he concludes that plaintiff should not prevail, he will dismiss the action.” J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §41.10 at 59-60 (1977).