Merrick, P.J.
Plaintiff Ter ryE. Dew (the “Tenant”), a former tenant of defendant Nicholas Laufauci (the “Landlord”), brought this action in two counts to recover for the Landlord’s alleged conversion of his property and breach of the covenant of quiet enjoyment in violation of G.L.c. 186, §14.[1] The Landlord counterclaimed for unpaid back rent
The Tenant was a tenant at will of the Landlord. At the end of February, 1995, the Tenant informed the Landlord that he would be moving out on March 15,1995. The Landlord responded that the Tenant would still he required to pay rent for the entire month of March. On March 29,1995, when personal property of the Tenant remained in the apartment, the Landlord changed the locks. Although the Tenant has made demand, the property has never been returned to him. With respect to the Landlord’s counterclaim, it was undisputed that the Tenant sometimes paid his rent in cash. The Landlord could not, however, state how often that had been done. *96 The Tenant denied that he had failed to pay any rent
After a bench trial, the judge found for the Tenant on his complaint and awarded damages in the amount of $2,000.00, plus interest costs and $1,000 in attorney’s fees. The judge also found for the Tenant on the Landlord’s counterclaim. The Landlord thereafter filed this Dist/Mun. Cts. R A D. A, Rule 8C, appeal, claiming to be aggrieved by: 1) the courts order permitting the Tenant to reopen his case after he had rested; 2) the admission of the Tenant’s opinion of the value of his missing personal property and 3) the denial of the Landlord’s motion for a “directed verdict” on the conversion claim.[2]
1. Each of the allegations of trial court error argued by the Landlord-appellant pertain to Count I of his complaint for conversion. The trial judge entered a general finding, however, on the Tenant’s two-count complaint He also assessed damages in the amount of $2,000.00, and attorney’s fees of $1,000.00. Neither party suggests that a judgment on a conversion claim includes an award for attorney’s fees. Moreover, the damages assessed by the court are consistent with a statutory award under G.L.c. 186, §14. The statute provides, in pertinent part
[A]ny lessor or landlord who directly or indirectly interferes with the quiet enjoyment of any residential premises by the occupant... shall be punished.... Any person who commits any act in violation of this section shall also be liable for actual and consequential damages or three month’s rent, whichever is greater, and the costs of the action, including a reasonable attorney’s fee,...
The minimum damages which could have been awarded on the Tenant’s quiet enjoyment claim was three times the monthly rent of $725.00, or $2,150.00.[3]
We conclude that the trial courf s judgment herein was not made under Count I for conversion, but under Count II for interference with quiet enjoyment As there is no indication in the record that the court found for the Tenant on his conversion claim, the Landlord’s allegations of error in trial court rulings relevant to that claim are immaterial.
2. The rulings appealed by the Landlord, however, involve common issues of everyday civil practice. We examine them briefly.
The Tenant introduced evidence of the facts outlined above and a description of the personalty he claimed was in the apartment when the Landlord changed the locks. He failed, however, to offer a scintilla of evidence as to the value of that property before resting his case. After the Tenant rested, the Landlord moved for a “directed verdict? on the conversion claim based on the absence of any evidence on damages. The judge permitted the Tenant to reopen his case and introduce some evidence on that issue. The decision to permit a plaintiff to reopen his case to offer additional evidence is one well within the sound discretion of the trial judge. Jones v. Vappi Co. & Inc., 28 Mass. App. Ct. 77, 83 (1989); Cambridge Hous. Auth. v. Wedge, 2000 Mass. App. Div. 235, 236. Nothing in the record indicates that such discretion was abused.
3. While there was no error in permitting the Tenant to reopen his case, the testimony he then gave as to the “value” of his personal property should not have *97 been admitted over the Landlord’s proper objection.
Generally, “‘[a]n owner of real estate or personal property having adequate knowledge of his property may express an opinion as to its value.’” Hastings Assoc., Inc. v. Local 369 Bldg. Fund, Inc., 42 Mass. App. Ct. 162, 173 (1997), quoting from Southwick v. Massachusetts Turnpike Auth., 339 Mass. 666, 668 (1959). “The rule which permits an individual owner to testify to the value of real or personal property does not rest upon his holding the legal tiñe, but is based upon his familiarity with the characteristics of the property, his knowledge or acquaintance with its uses, and his experience in dealing with it’” Blais-Porter, Inc. v. Simboli, 402 Mass. 269, 272 (1988), quoting from Winthrop Prods. Corp. v. Elroth Co., 331 Mass. 83, 85 (1954).
The opinion of the owner as to value is not admissible, however, in the absence of a properly laid foundation. Willey v. Cafrella, 336 Mass. 623, 624 (1958); Menici v. Orton Crane & Shovel Co., 285 Mass. 499, 504 (1934); Brossi v. Fisher, 1999 Mass. App. Div. 99, 103-104, aff'd 51 Mass. App. Ct. 543 (2001). In the present case, no such foundation was even attempted. Because it is unusual to find error in a judge’s ruling on this issue, we recite in the appendix to this opinion the full proceedings after the Tenants case was reopened until the judge ruled on the landlord’s objection. In the ensuing testimony, the Tenant read from a list of property items with stated amounts totaling about $17,000.00. Although plaintiffs counsel couched his questions in terms of “value,” the Tenants answers make plain that the list was of the Tenants admittedly hazy recollection of purchase prices only, like the similar testimony in Turner v. Leonard, Inc., 17 Mass. App. Ct. 909 (1983),
[tjhis testimony was the subject of a seasonable and specific objection by the defendant for lack of a proper foundation.... That foundation was never clearly supplied. Instead, the judge, in the course of his ruling on the defendants objection, used language which suggested a belief that an owner is entitled to testify to the value of his property as a matter of law, the only problem being that of determining how much weight should be given to the testimony. This standard, if applied by the judge, was incorrect
Id. at 910-911.
Ordinarily, “Evaluation of the witness’ familiarity, knowledge, and experience is for the trial judge and his decision is conclusive unless upon the evidence it [is] erroneous as a matter of law.” Von Henneberg v. Generazio, 403 Mass. 519, 524 (1988) and cases cited. In this case, the transcript suggests that the judge concluded that mere ownership was sufficient to permit the Tenant’s opinion testimony. Evidence constituting a proper foundation was fatally absent, and the admission of the testimony of the value of property allegedly converted by the Landlord was error. As noted, however, the error was harmless because the court did not enter a finding for the Tenant on his conversion claim.
4. At the conclusion of the Tenants case, the Landlord moved for a “directed verdict” on the conversion claim on the basis of the absence of any evidence on damages. Since this was a bench trial, we treat the Landlord’s motion as one for involuntary dismissal pursuant to Mass. R Civ. P., Rule 41(b) (2). Kendall v. Selvaggio, 413 Mass. 619, 620 n.3 (1992); Prophete v. Polynice, 2000 Mass. App. Div. 194 and cases cited. After the Tenant was permitted to reopen his case and offer his opinion testimony as to value, the Landlord renewed his motion. The court denied the motion at that point and again at the close of all the evidence.
In the absence of properly admitted opinion testimony of value, there was certainly insufficient evidence to establish the amount of damages for conversion. As a technical matter, however, the denial of the motion would not have been error. The reason is that nominal damages may be awarded on a claim for conversion. *98 See Horvitz v. St. John The Baptist Church Corp., 1998 Mass. App. Div. 143, 143-144. See also Blais-Porter, Inc. v. Simboli, 402 Mass. 269, 274 (1988) (Directed verdict proper because plaintiff did not claim nominal damages).
Appeal dismissed.
So ordered.
APPENDIX
Plaintiffs Counsel: Mr. Dew, I have a list here stating that you had three tires, BMW, the price of those tires, what about two hundred dollars and ...
Defense Counsel: I object Your Honor.
The Court Sustained.
Plaintiffs Counsel: Your Honor, I want to present a document to the plaintiff, these are the items that were taken from him from [sic] Mr. Laufauci and...
The Court Counsel, evidence has to come in from the witness, not from you.
Plaintiffs Counsel: Mr. Dew, can you please tell the court exactly the items that were taken from you and the value of those items that were taken from you by Mr. Laufauci.
The Plaintiff. If I may, my copy. I still don’t have...
[Unidentified]: Do you have the copies?
Plaintiffs Counsel: Your Honor, the plaintiff does not have a copy of these. They’re still over there. He left them — the items he had. If I may ask the courf s permission to take the copy from him.
The Court Tell Mr. Laufauci to testify from his memory and if you can’t, then perhaps we’ll raise it refreshing his memory. Counsel, you’ve got to do this with some semblance of propriety.
Plaintiffs Counsel: Mr. Dew, I will show you this document just to refresh your memory about the items that were taken by the defendant and the value of those items.
The Plaintiff Okay.
Plaintiffs Counsel Just to refresh you memory. Have you looked at this yet, the list?
The Plaintiff Yes.
Plaintiffs Counsel: Mr. Dew, I will ask you to state to the court the items that were taken from you and the value of those items.
The Plaintiff Okay. I have three BMW tires...
Defense Counsel: Objection, Your Honor.
The Court Whaf s your objection.
Defense Counsel: He can’t state the value, Your Honor. He certainly might have an opinion as to value, but I don’t think he’s laid the proper foundation as to whether or not this man is capable of giving those opinions and ...
The Court Any owner of property is...
Defense Counsel: I certainly understand, Your Honor, but there’s certainly some things as a prerequisite he needs to testify to before he can give that opinion. So for that reason, I’m objecting.
The Court All right Overruled.

 Count II of the Tenant’s complaint actually cites G.L.c. 186, §15B, but that statute refers only to lease provisions about a landlord’s entry. An actual wrongful entry, which may constitute interference with quiet enjoyment, is governed by §14.

 The Landlord also claims that he was entitled to a judgment on his counterclaim for rent and damages. However, there was conflicting evidence on those issues, and the Landlord bore the burden of proof. See Feltch v. General Rental Co., 383 Mass. 603, 611 (1981). The Landlord’s claim preclusion argument, based on a prior small claims action, was waived during oral argument before this Division.

 Although the judge awarded only $2,000.00, the Tenant has not appealed that assessment