Williams, J.
The defendant, Paramount Cleaners & Dyers of Brockton, Inc. (“Paramount”), appeals from the trial judge’s denial of its “motions to dismiss” at trial and its judgment in favor of the plaintiff, Judith A. Fishman (“Fishman”), and also from the motion judge’s (Dinneen, J.) earlier denial of its motion to remove the case to Superior Court. We affirm both decisions.

*34
I. Denial of Motions for Involuntary Dismissal

We treat Paramounts motions to dismiss, made at the close of Fishman’s evidence and again at the close of all the evidence, as motions for involuntary dismissal made pursuant to Mass. R. Civ. R, Rule 41(b)(2). See Prophete v. Polynice, 2000 Mass. App. Div. 194, 195 (2000), citing, inter alia, Devito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48 (1993) and cases cited.
A trial court considering such a motion may take either of two approaches. It may treat the plaintiffs evidence just as it would in considering a motion for directed verdict in a jury trial: by deeming as established all uncontroverted evidence, and by resolving all evidentiary conflicts and all permissible inferences in the plaintiffs favor. Devito, 1993 Mass. App. Div. at 50. Only if the trial court then determines that within that framework the plaintiff is not entitled to relief — that the plaintiff has not established a prima facie case — may it properly dismiss the claim. Id. If any evidence supports the plaintiffs claim, the allowance of a Rule 41 (b) (2) motion as a matter of law would have to be reversed on appeal.[2]
Under the second approach, the trial court weighs the evidence and its inferences wholly in its capacity as factfinder. The trial court is not limited to the standard of proof required to support a directed verdict, but rather is “’free to weigh the evidence and resolve all questions of credibility, ambiguity, and contradiction in reaching a decision.’” Prophete, 2000 Mass. App. Div. at 195, quoting Ryan, Elliott & Co. v. Leggat, McCall & Werner, Inc., 8 Mass. App. Ct. 686, 689 (1979); see also, e.g., Mattoon v. City of Pittsfield, 56 Mass. App. Ct. 124, 138-39 (2002). Only if the trial court concludes on the basis of its findings and the law that the plaintiff should not prevail may it then properly dismiss the claim. Prophete, 2000 Mass. App. Div. at 195 n.2.
The trial judge here should have identified, but did not, which approach he was taking in deciding Paramount’s motions. Devito, 1993 Mass. App. Div. at 51, citing Willis v. Board of Selectmen of Easton, 405 Mass. 159, 161 (1989). Similarly, it “would [have been] prudent for [Paramount] to [have specified] both the basis for [its] motion... and the method of review sought, even if both methods [had been] sought in the alternative.” Devito, 1993 Mass. App. Div. at 51. It did not do so. Although “[t]he preservation of an issue of law for appellate review upon the denial of a Rule 41(b) (2) motion [might] well depend upon such specification,” id., citing Sellars v. Shaughnessy Crane Serv., Inc., 1988 Mass. App. Div. 42, 43 (1988) and Mass. R. Civ. P., Rule 64(b), this Court proceeds to consider Paramounfs arguments as to both approaches. It does so under the “clearly erroneous” standard. E.g., Prophete, 2000 Mass. App. Div. at 195. Paramount urges that Fishman failed to present sufficient evidence to support a finding that it negligently placed in its dry-cleaning establishment a floor scale. The scale, Paramount argues, was open and obvious, especially since Fishman, a long-time customer, knew it was there. Paramount further argues that Fishman’s view of the scale was obscured by *35 the way she carried a quilt, and thus her own negligence caused or contributed to her fall. Specifically, Paramount in essence asserts that Fishman’s comparative negligence outweighed its own negligence, if any, and the trial judge was compelled so to find. Under such a compulsion, the argument continues, the trial judge should have allowed Paramount’s “motion to dismiss,” or at least should have ultimately found in its favor.
The trial judge found, however, that, on 27 June 1996 about 9:00 a.m., Fishman entered Paramount carrying a large, “neatly folded” quilt with both hands. “ [J] ust inside” the front door was a scale about six feet tall with a steel base about three feet long. Fishman, starting toward the customer counter, struck that base with her foot, fell, and was injured. The trial judge found that Fishman was unaware the base extended into the area where customers would walk. Finding that Paramount should be liable if Fishman demonstrated that the condition — the scale — was there long enough for Paramount’s employees to have seen it and removed it, the trial judge concluded that it had been,[3] and further found that Paramount should have anticipated that patrons would enter Paramount carrying bundles of laundry. The trial judge found that Paramount’s negligence exceeded “any” negligence of Fishman and that Paramount’s negligence caused her injuries.
Considered under the first approach to a Rule 41 motion, such findings demonstrate that the trial judge could have properly resolved evidentiary conflicts and permissible inferences in Fishman’s favor. He then inferentially determined that within that framework Fishman had presented a prima facie case and was entitled to relief, and thus he could not properly have dismissed her claim. Such a decision, based on findings supported by the evidence, was not erroneous.[4] Similarly, treating the findings as made under the second approach, the trial judge could have properly weighed the evidence and its permissible inferences as a factfinder free so to weigh the evidence and resolve credibility issues. Only had the trial judge concluded after that more flexible fact-finding exercise that Fishman should not prevail could he have properly allowed Paramount’s motion. Sufficient evidence existed to support the trial judge’s factual conclusion that Paramount was negligent as to Fishman. Under neither approach was the trial judge compelled to *36 find that Fishman’s negligence, “if any,” outweighed Paramount’s.[5] See generally Rolanti v. Boston Edison Corp., 33 Mass. App. Ct. 516, 531-32 (1992). Under either approach, the trial judge was not clearly erroneous in denying Paramount’s motion for involuntary dismissal. Nor were his findings “tainted by error of law.” Devito, 1993 Mass. App. Div. at 50, citing Ryan, Elliot & Co., 8 Mass. App. Ct at 690, 693.
As to the verdict itself, “[rjesolution of conflicting tendencies in the evidence ... was for the judge and we do not disturb his findings of fact unless they are clearly erroneous.” Martin v. Building Inspector of Freetown, 38 Mass. App. Ct. 509, 512 (1995). As indicated above, they were not.

II. Denial of Motion to Remove to Superior Court

Paramount argues that the motion judge improperly denied its motion to remove the case to Superior Court The Complaint was filed on 11 June 1999. Paramount answered nearly five months later, on 5 October 1999, and on that date also tried to file a request for removal, which the Clerk’s Office returned unfiled to Paramount More than a month later, on 19 November 1999, Paramount filed its motion to remove the case. That motion was heard on 3 December 1999 and denied on 6 December 1999.
Removal is governed by M.G.L.C. 231, §104. The motion judge’s authority regarding removal is “strictly confined” to allowing it only upon the defendant’s adherence to the provisions of the statute.[6] E.g., Mathias v. Rabidou, 1998 Mass. App. Div. 69, 69-70 (1998) (concerning removal after trial), citing, inter alia, H.K. Webster Co. v. Mann, 269 Mass. 381, 384 (1929). Failure to satisfy any one of the statutory requirements is fatal to a proper removal claim. Mathias, 1998 Mass. App. Div. at 70, citing Orasz v. Colonial Tavern, Inc., 365 Mass. 131, 136 (1974).
*37 Here, the Clerk’s original refusal was proper because Paramount, served on 21 June 1999, did not claim removal within the requisite 25 days after service of the complaint, but rather did so 106 days thereafter. In addition, Paramount’s removal request included an “auto tort removal bond,” which was inapplicable to this action and not a bond complying with M.G.L.c. 231, §104, and included no Superior Court entry fee.
likewise, the motion judge properly denied Paramount’s motion to remove the case. The deficiencies noted above still obtained. Paramount argues in essence that it — more accurately, its counsel — could not have timely sought removal because counsel received the file only in late September 1999, well after the 25-day deadline. No such suggestion appears in Paramount’s motion, which offers no reason for its lateness. The language at Mathias concerning the second paragraph of M.G.L.c. 231, §104, applies with equal force to the first: “[t]he requirements of G.L.c. 231, §104, including the specified time limitation, are mandatory, and a failure to comply strictly constitutes a forfeiture of any right to a Superior Court jury trial as a matter of law.... For this reason, a trial court is not empowered to extend the ... statutory period to permit late removal.” Mathias, 1998 Mass. App. Div. at 69. Stated differently, but equally definitively, “a trial court is not authorized to alter or eliminate the statutory requirements for removal mandated by G.L.c. 231, §104.” Id. at 70 n.l.
Any suggestion that the operation of M.G.L.c. 231, §104 would deprive Paramount of its constitutional right to a trial by jury is disposed of by such cases as H.K. Webster, 269 Mass, at 385, and Zarilli v. Sandoz Pharmaceutical Corp., 1999 Mass. App. Div. 255, 256 & ns.2 & 3 (1999) and cases cited.
We affirm the motion judge’s denial of Paramount’s motion for late removal, and we affirm the trial judge’s denial of Paramount!s motions for involuntary dismissal and his entry of judgment.
So ordered.

 In appellate review of the denial of a Rule 41 motion under this approach, “’the standard is “whether ’anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.’... In applying this standard, we examine the evidence in the light most favorable to the plaintiff.’”” Cormier v. Pezrow New England, Inc., 437 Mass. 302, 308 (2002) (citations omitted); see also, e.g., Truong v. Wong, 55 Mass. App. Ct. 868, 875 (2002). We would neither weigh the evidence nor consider the credibility of the witnesses, and we must ignore evidence that contradicts testimony of the nonmoving party. See Proctor v. North Shore Community Arts Foundation, 47 Mass. App. Ct. 372, 379 (1999), citing Moose v. Massachusetts Inst. of Technology, 43 Mass. App. Ct. 420, 421 (1997).

 Such language usually appears in cases involving foreign substances, and not in such cases as this, concerning an object unquestionably placed on premises by the occupier. Paramount of course knew the scale was in place by their front door; it had been there at least three years and perhaps as long as twenty. The trial judge’s inapposite language changes neither the essential soundness of his findings nor this Courfs opinion.

 ‘“[A] finding is clearly erroneous when there is no evidence to support it, or when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.’” Clements v. The Stop & Shop Cos., 2000 Mass. App. Div. 74, 75 (2000), quoting Guardianship of Clyde, 44 Mass. App. Ct. 767, 774 (1998).

 Paramount^ evidence suggested that Fishman entered its shop virtually enveloped by the quilt, and that her imprudent manner of carrying it blocked her view of the otherwise obvious scale base. Further, Paramount presented testimony that Fishman tripped not on the scale but on the quilt itself. Under the first approach, the trial judge resolved file conflict in evidence in Fishman’s favor, her evidence being that the quilt was folded neatly and that she did in fact trip on the scale. Under the second approach, the trial court as feet finder was of course not required to accept any particular testimony. E.g., Prophete, 2000 Mass. App. Div. at 196, citing, inter alia, Palmer v. Murphy, 42 Mass. App. Ct. 334, 343 (1997). Specifically as to file “open and obvious” doctrine, the trial judge’s inquiry is not an evaluation of “ [Fishman’s] subjective reasonableness or unreasonableness in encountering a known hazard, [but rather] the inquiry is an objective one that focuses, instead, on the reasonableness of [Paramount’s] conduct it presumes [Fish-man’s] exercising reasonable care for [her] own safety and asks whether the dangerous condition was, objectively speaking, so obvious that [Paramount] would be reasonable in concluding that an ordinarily intelligent plaintiff would perceive and avoid it and, therefore, that any further warning would be superfluous.” O’sullivan v. Shaw, 431 Mass. 201, 206 (2000); see also, e.g., Hildebrandt v. Cumberland Farms, Inc., 2001 Mass. App. Div. 45, 47 (2001). The implication of the trial judge’s findings is that Paramount had unreasonably concluded that an ordinary plaintiff — especially one toting a bundle of material to be cleaned — would perceive and avoid the three-foot long base of the scale protruding into an area where customers would be expected to walk.

 The statute provides, in essence, that a defendant may file in a District Court action seeking more than $25,000.00 a claim for trial in Superior Court. That claim must be filed within 25 days after the date of service of the complaint. With the claim must be filed the entry fee for the claim in Superior Court, and, except as provided in M.G.L.c. 231, §107 (concerning certain circumstances making a removal bond unnecessary), a bond in the penal amount of $100.00, payable to the other party or parties, conditioned to satisfy within 30 days any judgment for costs that may be entered against the defendant in Superior Court.