Bernard, J.
After paying more than $42,000.00 for a kitchen remodeling project that was never completed, homeowners Philip and Ann Parks commenced this action against both the construction company that abandoned the project and its corporate president. Their amended complaint sought recovery on contract, tort and G.L.c. 93A claims. Defendant Ricciardi Construction Company, Inc. (the “Company”) filed for bankruptcy, and the action proceeded to a bench trial against the individual defendant, Michael J. Ricciardi (“Ricciardi”). At the close of the plaintiffs’ case, Ricciardi filed a motion for a “directed verdict” which was allowed after hearing. The trial judge did not make written findings. This Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal by the plaintiffs followed.
1. Ricciardi’s objections to the plaintiffs’ Mass. R. Civ. R, Rule 41(b)(2), arguments on this appeal are without merit. A motion for a “directed verdict” at the close of the plaintiff’s case is an inappropriate “procedural anomaly” in a civil action tried without a jury. Skowronski v. Sachs, 62 Mass. App. Ct. 630, 632-633 (2004). Ricciardi’s contention that he was entitled to have his “directed verdict” motion decided under Mass. R. Civ. P., Rule 50, is erroneous; Rule 50 is inapplicable in non-jury District Court civil proceedings. Joseph Freedman Co. v. North Penn Transfer, Inc., 388 Mass. 551, 554 n.4 (1983). Ricciardi should have captioned his motion as one for involuntary dismissal pursuant to Mass. R. Civ. P., Rule 41(b) (2), and the trial court was required to have treated it as such. Brown v. Gerstein, 17 Mass. App. Ct. 558, 559 n.3 (1989); Dew v. Laufauci, 2001 Mass. App. Div. 95, 97; Prophete v. Polynice, 2000 Mass. App. Div. 194, 195.
The distinction between Rule 50 and Rule 41 (b) (2) derives from nothing more than the obvious difference between the judge’s role in a jury and in a non-jury trial. Where there is a jury to serve as the trier of fact, a Rule 50 motion at the close of the plaintiff’s case requests a purely legal ruling from the trial judge as to the sufficiency of the evidence to satisfy the plaintiff’s burden of proof. Alholm v. Wareham, 371 Mass. 621, 627 (1976); Cameron v. Carelli, 39 Mass. App. Ct. 81, 83 (1995). In a non-jury trial, however, the judge resolves all questions of both law and fact Rule 41(b) (2) thus permits the judge to decide a defendant’s motion for a finding in its favor at the close of the plaintiff’s evidence either (1) on a strictly legal basis, by utilizing the directed verdict standard to determine whether the evidence establishes a prima facie case for the *108 plaintiff; or (2) as the trier of fact, by assessing the credibility and weight of the evidence to determine if a preponderance favors the plaintiff. DeVito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48, 50.
Contrary to Ricciardi’s contention, the allowance of a Rule 41(b)(2) motion serves as a proper predicate for appeal. The plaintiffs were not required to file Mass. R. Civ. R, Rule 64A, requests for rulings of law after the involuntary dismissal of their action in order to preserve their right to appellate review. See Skowronski, supra at 633-634. A trial court is instead obligated to make written findings to clarify the basis of its dismissal order. Rule 41(b)(2) unequivocally mandates that if “the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a).” See Mattoon v. Pittsfield, 56 Mass. App. Ct. 124, 138-139 (2002). A trial judge’s failure to make written findings in allowing a Rule 41(b) (2) motion is error, Sugarman v. Malkemus, 1997 Mass. App. Div. 64, 66, and a new trial is customarily required.
A failure to make Rule 41(b) (2) findings has been deemed harmless error, however, where the record is devoid of any evidence to warrant a finding for the plaintiff. See S & R Realty Corp. v. Marron, 5 Mass. App. Ct. 800 (1977). In such a case, whether the judge ruled on the legal insufficiency of the plaintiff’s evidence or instead found that the evidence lacked credibility is irrelevant because dismissal of the plaintiff’s claim would have been required in either event We turn to a consideration, therefore, of whether there is any evidence in the record which would have permitted recovery by the plaintiffs. See Raviv v. K-Mart Corp., 1993 Mass. App. Div. 225, 225-226.
2. The plaintiffs’ amended complaint sought damages against Ricciardi individually for his alleged G.L.c. 93A violations (Count II), breach of the implied covenant of good faith and fair dealing (Count III), and fraud and misrepresentations (Count IV) .[3]
A G.L.c. 93A, §9 demand letter was a prerequisite to any recovery by the plaintiffs for Ricciardi’s unfair and deceptive acts. Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 286-289 (1985). As no demand letter was attached to, or referenced in, the plaintiffs’ amended complaint, and no evidence was introduced at trial that such a letter was ever sent to Ricciardi, Count II was properly dismissed as a matter of law.
As to Count III, the covenant of good faith and fair dealing is an implied contractual covenant. Ayash v. Dana-Farber Cancer Inst., 443 Mass. 367, 385 (2005); Prozinski v. Northeast Real Estate Services, LLC., 59 Mass. App. Ct. 599, 608 n.7 (2003). It was undisputed at trial that the plaintiffs’ home improvement contract was with the Corporation only. As there is nothing in the record to indicate the existence of a written or oral agreement between the plaintiffs and Ricciardi individually, there was no error in the Rule 41(b) (2) dismissal of Count III.
Neither the absence of a contractual relationship with the plaintiffs, nor his status as an officer of the Corporation, would have automatically shielded Ricciardi from individual liability for his own tortious conduct under Count IV of the plaintiffs’ complaint. It is settled that a
corporate officer is personally liable for a tort committed by the corporation that employs him, if he personally participated in the tort by, for example, directing, controlling, approving or ratifying the act that injured the aggrieved party.
*109 Townsends, Inc. v. Beaupre, 47 Mass. App. Ct. 747, 751-752 (1999). See generally Grand Pacific Finance Corp. v. Brauer, 57 Mass. App. Ct 407, 414 (2003). Personal liability is imposed even though the individual officer’s or employee’s tortious conduct was undertaken solely for the benefit of the corporation. See Refrigeration Discount Corp. v. Catino, 330 Mass. 230, 235 (1953). Given Ricciardi’s potential individual liability in tort, the Rule 41(b) (2) dismissal of Count IV can be sustained only if the record discloses insufficient evidence to permit a finding for the plaintiffs. Hanover Ins. Co. v Sutton, 46 Mass. App. Ct. 153, 166 (1999). In deciding that question, we view the evidence and all reasonable inferences which can be drawn in the light most favorable to the plaintiffs. Mattoon v. Pittsfield, supra, at 126.
The plaintiffs executed a detailed home improvement contract with the Corporation on April 9, 2002 for the remodeling and expansion of their kitchen at a cost of $56,850.00. They paid the initial $19,260.00 amount due upon signing. Contract work did not begin at the plaintiffs’ home until the end of June when Ricciardi arrived to dig the foundation for the kitchen addition. Ricciardi thereafter made numerous representations to the plaintiffs to induce them to pay more money for the project. At Ricciardi’s urging, for example, the plaintiffs paid an extra $1,850.00 for a sump pump and a French Drain. The sump pump was installed incorrectly, and the French Drain was never installed at all.
Although the contract specifically called for “Anderson” brand windows and included an $1,800.00 allowance for the same in the original contract price, windows of an inferior brand were delivered to the plaintiffs’ home on August 8, 2002. When the plaintiffs complained to Ricciardi, he admitted that it was the Corporation’s mistake and stated that Anderson windows would be delivered and installed without additional cost. Immediately thereafter, however, Ricciardi made demands for first an additional $2,600.00 and then $2,200.00, falsely claiming that the Anderson living room window was “custom” rather than standard and would not fit in the window opening as framed. Another employee, however, had measured the window in the presence of both Riccia-rdi and the plaintiffs and determined that it would fit. Based on his continued misrepresentations that the window had to be retrained and his assurances both that the correct Anderson window would be provided and an offset would be made against the plaintiffs’ contract payments, Ricciardi succeeded in extracting an additional $1,068.00 from the plaintiffs on August 14, 2002. The Anderson windows were never delivered and no deductions were ever allowed.
When viewed in the plaintiffs’ favor, the evidence reveals what could be considered a pattern of unscrupulous conduct by Ricciardi. At least with respect to the Anderson window situation, that conduct was also fraudulent. Recovery for fraud or deceit requires proof of the defendant's intentional and knowing misrepresentation of fact made to induce action by the plaintiffs who reasonably relied thereon to their detriment Russell v. Cooley Dickenson Hosp., Inc., 437 Mass. 443, 458 (2002); Equipment & Systems For Industry, Inc. v. Northmeadows Constr. Co., 59 Mass. App. Ct. 931 (2003). “[Fraudulent intent may be shown by proof that a party knowingly made a false statement and that the subject of that statement was susceptible of actual knowledge.” Fisch v. Board of Registration in Medicine, 437 Mass. 128, 138 (2002). Despite an actual measurement demonstrating that the Anderson window required by the contract would fit the existing frame, Ricciardi repeatedly insisted that reframing was necessary at an additional cost to the plaintiffs of $1,068.00. The plaintiffs yielded to Riccia-rdi’s demand and paid the unwarranted framing cost.
As the evidence would permit a finding for the plaintiffs on Count IV, the Rule 41 (b) (2) dismissal of their complaint was error. A new trial is in order.
3. Ricciardi’s motion for assessment of costs for the plaintiffs’ failure to attend a deposition until five days before trial was addressed to the trial judge’s discretion. Mass. R. Civ. R, Rule 54(e). We find no abuse of that discretion in the trial judge’s allowance of Ricciardi’s motion.
*110 Accordingly, the allowance of Ricciardi’s motion for involuntary dismissal is reversed, the judgment of dismissal is vacated, and this action is returned to the Quincy Division for a new trial.
So ordered.

 Counts II, HI and IV sought recovery against both Ricciardi and the Corporation but, as noted, Ricciardi Construction Co., Inc. has sought bankruptcy protection. Count I (breach of contract), Count II (breach of warranty) and Count VII (negligence) of the plaintiffs’ amended complaint were brought against the Corporation only. Count VI against both the Corporation and Ricciardi claimed violations of “G.Lc. 148A” a statute which does not exist in this Commonwealth. Count VI was dismissed prior to trial.