Williams, P.J.
Having secured a default judgment in Ohio in a consumer-protection action against a Massachusetts defendant, plaintiff Gregory S. Reichenbach (“Reichenbach”) proceeded to have that Ohio judgment recognized and enforced in the Orleans District Court. He then moved for attorney’s fees against the defaulted defendant, Financial Freedom Centers, Inc. (“FFC”), on the ground that FFC’s failure to pay the judgment against it violated G.L.c. 93A, warranting the award of such fees. The motion judge denied the request for attorney’s fees, and Reichenbach appealed that denial. We dismiss the appeal.
In the Ohio action that ended with Reichenbach’s default judgment against FFC, the court there found that FFC had violated the federal Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, and awarded Reichenbach $3,283.00.[2] FFC did not pay that judgment. Having appeared pro se in Ohio, Reichenbach had not claimed attorney’s fees there. Because he engaged Massa *11 chusetts counsel to pursue the case here, Reichenbach also now sought attorney’s fees. In line with the full faith and credit clause of the United States Constitution, Art. IV, §1, see, e.g., Bishins v. Richard B. Mateer, P.A., 61 Mass. App. Ct. 423, 428-30 (2004), the motion judge in Orleans recognized the Ohio judgment. The judge declined to award attorney’s fees, however, which were sought on the express basis that FFC had committed an unfair trade act in violation of G.L. c. 93A by failing to pay the Ohio judgment against it.[3]
The motion judge denied the motion for attorney’s fees by applying the doctrine of merger, reasoning that the Massachusetts action was one on the Ohio judgment, which judgment subsumed all elements of Reichenbach’s cause of action and extinguished it. See, e.g., Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683 (1974) ,[4] Although it is true that “[a] judgment is an absolute merger of a debt... so that no action can afterwards be maintained upon the original promise[,j” Moore v. Justices of the Mun. Ct. of the City of Boston, 291 Mass. 504, 505 (1935), Reichenbach’s quest for attorney’s fees was not a claim on the original judgment. It was, rather, a fresh cause of action based upon FFC’s alleged c. 93A violation in not paying the Ohio judgment. That cause of action could not have been subsumed and extinguished by the Ohio judgment because it arose only after that judgment had entered. See Lennon v. Cohen, 264 Mass. 414, 424 (1928).
Although we disagree with the motion judge’s basis for disallowing attorney’s fees, we uphold his decision. See, e.g., Eastern Prods. Corp. v. Continental Cas. Co., 58 Mass. App. Ct. 16, 28 n.21 (2003) (appellate court may uphold correct ruling by trial court on ground different from that relied on by trial court). See also, e.g., Lopes v. Commonwealth, 442 Mass. 170, 181 (2004). We affirm the decision on the ground that the record does not establish that Reichenbach satisfied a statutory condition precedent for claiming a c. 93A violation. Specifically, nothing in the record establishes that he had sent FFC an adequate demand letter. Cf. Fredericks v. Rosenblatt, 40 Mass. App. Ct. 713, 717 (1996) (error for trial judge to raise issue of sufficiency of demand letter when defendant has failed to do so); Haywood v. Massachusetts Automotive Group, Ltd., 1998 Mass. App. Div. 85, 86.
A prerequisite to maintaining a c. 93A claim is the alleging and proving of a demand letter fulfilling the requirements of G.L.c. 93A, §9(3). See, e.g., Spring v. Geriatric Authy. Of Holyoke, 394 Mass. 274, 287 (1985); Parks v. Ricciardi, 2005 Mass. App. Div. 107, 108. When a defendant is defaulted under Mass. R. Civ. R, Rule 55(b), the well-pleaded factual allegations of a complaint are accepted as true for purposes of establishing liability. Castanouribe v. McBride, 2001 Mass. App. Div. 172, 173, and cases cited. But “even after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, *12 since a party in default does not admit mere conclusions of law.” Productora E Importadora De Papel, S.A. De C.V. v. Fleming, 376 Mass. 826, 834-35 (1978). See also, e.g., Eagle Fund, Ltd. v. Sarkans, 63 Mass. App. Ct. 79, 82 n.8 (2005). Reichen-bach alleged in his complaint that he, through counsel, had demanded in a letter of February 3, 2005 that FFC pay the Ohio judgment. He alleged further that despite that letter FFC “failed within 30 days thereafter to pay said judgment or to propose a reasonable settlement of [his] demand” and that such a failure “constitutes an unfair or deceptive act or practice that is a willful or knowing violation of G.L.c. 93A, §2.” But no c. 93A demand letter is appended to the complaint or appears elsewhere in the record. See, e.g., Spilios v. Cohen, 38 Mass. App. Ct. 338, 342-43 (1995); Parks, supra, at 108. Whether these bare allegations could suffice to satisfy the demand-letter requirement becomes the issue.
We can glean from Reichenbach’s allegations only two facts: he sent a letter to FFC demanding payment of the Ohio judgment, and FFC neither paid the judgment, nor proposed a reasonable settlement of the demand within 30 days after the letter. But to infer from these facts that the letter was sufficient to satisfy the criteria of Cassano v. Gogos, 20 Mass. App. Ct. 348, 350-51 (1985), would be to stretch those criteria beyond their snapping point. Cassano posited six factors, at least one of which, in addition to the letter’s defining the injury suffered and the relief sought, must be mentioned in a valid c. 93A demand letter. Those factors are: “(1) any express reference to c. 93A; (2) any express reference to the consumer protection act; (3) any assertion that the rights of the claimants as consumers have been violated; (4) any assertion that the defendant has acted in an unfair or deceptive manner (G.L.c. 93A, §2[a]); (5) any reference that the claimants anticipate a settlement offer within thirty days ...; or (6) any assertion that the claimants will pursue multiple damages and legal expenses, should relief be denied.” Id., at 350. See also, e.g., Mitchell v. Norman B. Watt Assocs., Inc., 1996 Mass. App. Div. 21, 22-23. The Cassano Court went on to note that unless the letter mentions at least one of these factors, “the potential defendant is without warning that the claimant intends to invoke the heavy artillery of c. 93A, i.e., multiple damages and the imposition of counsel fees.” Cassano, supra, at 351.
From the record here, we cannot conclude that Reichenbach’s letter to FFC was a valid c. 93A demand letter. Even were we to infer by an overly liberal reading of the allegations that the letter stated that Reichenbach anticipated a settlement offer within 30 days (and the complaint does not aver that that sentiment appeared in the letter itself), we cannot fairly conclude from the allegations that FFC was warned that Reichenbach intended “to invoke the heavy artillery” of c. 93A against it. Id. at 351. Pointedly here, there is nothing suggesting that FFC was advised that Reichenbach would seek c. 93A attorney’s fees in a Massachusetts action if the Ohio judgment was not satisfied.
When it cannot be determined that Reichenbach had met a condition precedent for claiming a c. 93A violation, to fault a motion judge for failing to award attorney’s fees on the basis of such a violation, or even to embark on a discussion of the issue of whether the court’s recognition of the foreign consumer-protection judgment should have automatically entitled Reichenbach to recover such fees against FFC on the sole ground it had not paid that foreign judgment, would be fundamentally unsound.
The appeal is dismissed.
So ordered.

 The Ohio court awarded Reichenbach treble damages on each of two $500 violations, and added costs. The Orleans District Court’s Memorandum and Order of July 13, 2005 ordered the entry of judgment in the amount of the Ohio Judgment plus interest of 4% per annum (apparently the Ohio rate) from December 29,2001, plus costs. Clearly the amount is off by one dollar, and the date should be December 29,2004, the date of the Ohio Judgment.

 Chapter 93A provides that if a court finds a violation of §2 of the statute, that is, an unfair and deceptive trade act or practice, in addition to other relief provided for in §2 and “irrespective of the amount in controversy,” the petitioner “shall” be awarded reasonable attorney’s fees. G.L.c. 93A, §9(4). This compulsory language is often reflected in decisions noting, not surprisingly, that successful c. 93A plaintiff are “entitled” to attorney’s fees. See, e.g., Twin Fires Inc., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 427-428 (2005) (indicating that given the statutory language, “[tjhere is no dispute that [prevailing plaintiffs] are entitled to their reasonable attorney’s fees and costs”); Siegel v. Berkshire Life Ins. Co., 64 Mass. App. Ct. 698, 704 (2005); Lord v. Commercial Union Ins. Co., 60 Mass. App. Ct. 309, 321-22 (2004).

 “‘Claim preclusion’ is the modern term for the doctrines traditionally known as ‘merger’ and ‘bar,’ and prohibits the maintenance of an action based on the same claim that was the subject of an earlier action between the same parties or their privies.” Bagley v. Moxley, 407 Mass. 633, 636 (1990) (further citations omitted).