Williams, P.J.
At a bench trial, defendant Ray Letourneau (“Letourneau”) moved for a “directed verdict” at the close of the evidence of plaintiff Hallsmith-Sysco Food Services, Inc. (“Hallsmith”). The motion was allowed. The trial judge should have treated the motion as one for a Mass. R. Civ. R, Rule 41(b) (2), involuntary dismissal and made written findings. As that was not done and as the evidence was not insufficient as a matter of law to permit a finding in its favor, we vacate the allowance of Letourneau’s “directed verdict” motion and return the case for a new trial.
Hallsmith, a wholesale food supplier in Norton, sought damages in the amount of $3,884.98, plus interest and attorney’s fees, against Letourneau for three deliveries of foodstuffs to Letourneau’s Horseshoe Café in Salem, New Hampshire. The first delivery, followed by two others, was on June 24, 2003 in the amount of $2,271.29. At the bench trial,[3] Letourneau’s counsel conceded that only the initial delivery was disputed, and stipulated that Letourneau owed the balances due on both the two later invoices. Counsel argued further, however, that Letourneau could not be held liable for certain interest, penalties and attorney’s fees provided for by the personal-guarantee section of a Hall-smith customer account application because Letourneau denied that his purported signature on that contract was genuine. Thus, even after the trial judge allowed Letourneau’s motion for a “directed verdict” on the only disputed invoice, he allowed Letourneau to testify for the purpose of denying he had signed that contract.
There can be no motion for a “directed verdict” in a bench trial, and Letour-neau’s motion should have been treated as one for involuntary dismissal made pursuant to Mass. R. Civ. R, Rule 41(b)(2). See, e.g., Parks v. Ricciardi, 2005 Mass. App. Div. 107; Fishman v. Paramount Cleaners & Dyers of Brockton, Inc., 2003 Mass. App. Div. 33, 34; Prophete v. Polynice, 2000 Mass. App. Div. 194, 195, citing, inter alia, DeVito v. Cellular Mobile Communications, Inc., 1993 Mass. App. Div. 48, 49-50. A trial court considering such a motion may take either of *110 two approaches.[4] It may treat the plaintiffs evidence as it would in considering a directed verdict motion in a jury trial; that is, by deeming as established all uncontroverted evidence, and by resolving all evidentiary conflicts and permissible inferences in the plaintiffs favor. Parks, supra, at 107-108; Fishman, supra, at 34. If the court then determines that the plaintiff has failed to establish a prima facie case and is, thus, not entitled to relief, it may properly dismiss the claim. Fishman, supra, at 34.
Under the second approach, the trial court weighs the evidence and draws inferences wholly as a fact finder. Id. The court is not limited to the directed verdict standard of proof, but rather is ‘“free to weigh the evidence and resolve all questions of credibility, ambiguity, and contradiction in reaching a decision.’” Id., quoting Prophete, supra, at 195. See also, e.g., Mattoon v. City of Pittsfield, 56 Mass. App. Ct. 124, 138-39 (2002). If the court then concludes on the basis of its findings and the law that the plaintiff should not prevail, it may then properly dismiss the claim. Prophete, supra, at 195 n.2.
Under either approach, a trial judge allowing a motion for involuntary dismissal under Rule 41(b) (2) is unequivocally obliged to make written findings under that rule “as provided in Rule 52(a).” Parks, supra, at 108. Failure to make such findings is error. Id., citing Sugarman v. Malkemus, 1997 Mass. App. Div. 64, 66. The judge in this case made no findings, but only announced from the bench his allowance of Letourneau’s motion. Such an error may be deemed harmless, thus permitting a dismissal of a plaintiffs claims, only when the record is devoid of any evidence to warrant a finding for the plaintiff. Parks, supra, at 108, citing Hanover Ins. Co. v. Sutton, 46 Mass. App. Ct. 153, 166 (1999) .[5] In determining whether there was sufficient evidence to warrant a plaintiff’s finding, we view the evidence through an indulgent lens, drawing from the evidence all reasonable inferences in the light most favorable to Hall-smith. Parks, supra, at 109, citing Mattoon, supra, at 126.
Hallsmith presented evidence of a Hallsmith driver’s trip report indicating a delivery to Horseshoe Café on June 24, 2003; and of a signed invoice/delivery slip describing in detail the goods then delivered and suggesting, at least, that the delivery was accepted.[6] Hallsmith also offered testimony from its vice president of credit services and a sales representative regarding the Horseshoe Café account generally and the fact that Hallsmith had demanded payment from Letourneau and been refused. Hallsmith suggests that this evidence sufficed to *111 satisfy various requirements of the Uniform Commercial Code, including G.L.c. 106, §2-301 (goods sold and delivered), and thus satisfied its burden to present a prima facie case. We agree. There is sufficient evidence here to withstand a motion for involuntary dismissal, and thus to support a verdict in favor of Hall-smith. The allowance of Letourneau’s motion was error.
Accordingly, the allowance of Letourneau’s motion for involuntary dismissal is reversed, the judgment of dismissal is vacated, and the action is returned to the Taunton Division for a new trial.
So ordered.

 The trial of this Taunton District Court action was held at the Attleboro District Court.

 And the court should identify which approach it chooses. Fishman, supra, at 34, citing DeVito, supra, at 51. Similarly, it “would be prudent for the defendant to specify both the basis for his motion ... and the method of review sought, even if both methods are sought in the alternative.” DeVito, supra, at 51. The preservation of an issue of law for appellate review, especially if file motion is denied, could depend upon such specification. Id., citing Sellars v. Shaughnessy Crane Serv., Inc., 1988 Mass. App. Div. 42, 43 and Mass. R. Civ. R, Rule 64A(b).

 If there was no evidence warranting a finding for the plaintiff, it becomes irrelevant whether the trial judge chose to rule on the legal sufficiency of the plaintiff’s evidence or approached it as a fact finder, since dismissal would be justified in either event. Parks, supra, at 108.

 Horseshoe Café is not named in the driver’s trip log but was identified by a number assigned to that account by Hallsmith. As to the signed invoice, there was much wrangling over the fact that the signature was illegible and Hallsmith could not identify the signer. What weight these issues might or might have not carried in the trial judge’s decision is unknown, thus highlighting the need for findings of fact in granting a motion for involuntary dismissal.